IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOCELYN ROBERTS, individually and on behalf of persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GRAPHIC PACKAGING INTERNATIONAL, LLC<br><br>    Defendant. | Case No. 3:21-cv-00750<br><br>Judge David W. Dugan |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Graphic Packaging International, LLC ("GPI" or "Defendant"), through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Jocelyn Roberts' ("Plaintiff") Class Action Complaint ("Complaint").

### INTRODUCTION

Plaintiff, who waited nearly five years after he was purportedly staffed at GPI's Centralia, Illinois facility to file suit, seeks to advance class action claims against GPI for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14 *et seq.* ("BIPA" or the "Act"). (ECF No. 1, "Compl.")  Plaintiff alleges that GPI unlawfully collected and stored individuals' biometric data without prior notice, consent, or a publicly available retention schedule.  (*Id.* at ¶¶ 24-26, 38, 48-67)

Plaintiff's BIPA claims should be dismissed by this Court in their entirety because they are barred by the applicable statute of limitations.  BIPA does not set forth a statute of limitations, but closely analogous invasion-of-privacy claims are governed by a one-year limitations period, which

should unequivocally apply here. Further, even if the Court should determine that the one-year limitations period does not apply to the present matter, Plaintiff's claims would nevertheless be barred by the two-year limitations period applicable to personal injuries and statutory penalties. Accordingly, and for the reasons described in greater detail below, this Court should enter an Order dismissing Plaintiff's Class Action Complaint with prejudice.

## RELEVANT BACKGROUND

Plaintiff's Complaint is one of a recent onslaught of class actions filed by employees against employers under BIPA following the Illinois Supreme Court's decision in *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186 (Ill. Jan. 25, 2019). BIPA requires private entities possessing biometric data to publish written policies on data retention and destruction. 740 ILCS 14/15(a). It also requires private entities that "collect, capture, purchase, receive through trade, or otherwise obtain" a person's biometric data to: (1) inform the individual that the data is being collected or stored; (2) inform the individual of the purpose and length of the collection and storage; and (3) obtain written consent to collect the data. 740 ILCS 14/15(b). BIPA additionally prohibits certain private entities "in possession of" biometric data from selling and/or disclosing the data without consent or other authorization. 740 ILCS 14/15(c)-(d).

Plaintiff alleges that he was "staffed" by his employer, ABBCO, at GPI's "Centralia facility until July 2016, when his employment with ABBCO ended." (Compl. ¶¶ 27-28.) Plaintiff claims that, during the time he was staffed at GPI's Centralia facility, he was required to place his fingers on a handprint scanner, which scanned, collected and stored his handprint each time he "clocked" in and out as part of the timekeeping system, so that GPI's "handprint matching technology" could compare Plaintiff's scanned handprint against the handprint previously stored in GPI's database.

2

(*Id*. ¶¶ 29-30.) Plaintiff alleges that he and the putative class are purportedly entitled to recover statutory damages under BIPA. (*Id.* ¶¶ 57, 68.)

On June 29, 2021, Plaintiff filed a two-count class action complaint alleging GPI violated BIPA because it purportedly failed to: (1) institute, maintain, and ahead to publicly available retention schedule for biometric identifiers and biometric information; and (2) obtain informed written consent and release before obtaining Plaintiff and the putative class members' biometric identifiers or information. (*Id*. ¶¶ 49-56, 59-66.) On behalf of himself and a putative class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief; (3) statutory damages pursuant to 740 ILCS 14/20(2) or alternatively pursuant to 740 ILCS 14/20(1); and attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3). (*Id*. ¶¶ 57, 68, Prayer for Relief.)

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT IS BARRED BY A ONE-YEAR STATUTE OF LIMITATIONS FOR PRIVACY CLAIMS.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may raise the statute of limitations in a motion to dismiss if the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "[D]ismissal under Rule 12(b)(6) is appropriate when the plaintiff effectively pleads himself out of court by alleging facts that are sufficient to satisfy a statute of limitations defense." *Yow v. Jack Cooper Transp. Co., Inc.*, No. 14-0992-DRH, 2015 WL 6673701, at *5 (S.D. Ill. Oct. 30, 2015); *see also Oechsle v. Biomet Microfixation, Inc.*, No. 13-cv-3918, 2013 WL 6068595, at *1 (N.D. Ill. 2013) ("While a plaintiff need not anticipate or negate an affirmative defense in his complaint, a complaint may be dismissed for failure to state a claim if the allegations in the

complaint show that the claim is barred by the applicable statute of limitations."). Here, Plaintiff's allegations are such that he cannot avoid GPI's statute of limitations defense.

BIPA is silent on the applicable statute of limitations. Absent an explicit statute of limitations, this Court should apply the limitations period that governs the most analogous common law claim, or in this case, the one-year statute of limitations for privacy claims established by the common law and which is codified in 735 ILCS 5/13-201. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (providing for federal courts' deference to state supreme courts on issues of state law); *see also* 735 ILCS 5/13–201 ("Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued."); *see also Doe A. v. Diocese of Dallas*, 234 Il.3d 393, 413 (Ill. 2009) ("The law is well established that the limitations period governing a claim is determined by the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises."); *see also Travelers Cas. & Sur. Co. v. Bowman,* 229 Ill.2d 461, 466 (Ill. 2008) (noting that the applicable statute of limitations is determined "by the type of injury at issue, irrespective of the pleader's designation of the nature of the action"), *citing Armstrong v. Guigler,* 174 Ill.2d 281, 286 (Ill. 1996)). Because Plaintiff does not allege any violation occurring after July 2016, his claims are time-barred. (*See* Compl. ¶ 28.)

### A.    Privacy Claims in Illinois

The Illinois common law historically recognized four categories of prohibited conduct resulting in a violation of an individual's privacy: (1) the unreasonable intrusion upon the seclusion of another; (2) a public disclosure of private facts; (3) publicity that reasonably places another in a false light before the public; and (4) an appropriation of another's name or likeness (commonly referred to as the "right of publicity"). *Ainsworth v. Century Supply Co.*, 295 Ill.App.3d 644, 648

(2nd 1998).  In 1999, the Illinois legislature codified the common law right of publicity as the Right of Publicity Act (762 ILCS 1075/1 *et seq.*), leaving three common law privacy claims.

The Right of Publicity Act, like BIPA, does not explicitly contain a statute of limitations. Illinois courts, however, have held that the one-year statute of limitations that applied at common law (and is codified at 735 ILCS 5/13-201) still governs such privacy claims.  *See Blair v. Nevada Landing P'ship*, 369 Ill.App.3d 318, 323 (2nd Dist. 2006) ("However, since the Right of Publicity Act completely supplanted the common-law tort of appropriation of likeness ... we find applicable the one-year statute of limitations that pertained to the common-law tort.") (internal citation omitted); *see also Juarez v. Ameritech Mobil Commc'ns, Inc.*, 746 F.Supp. 798, 806 (N.D. Ill. 1990), *aff'd* 957 F.2d 317 (7th Cir. 1992) ("Under Illinois law actions for alleged violations of a plaintiff's right of privacy must be commenced within one year after the cause of action accrues."). Notably, BIPA was modeled after the Right of Publicity Act and both statutes (1) regulate the use of an individual's private identifiers for commercial purposes or financial gain (*compare* 765 ILCS 1075/30(a) *to* 740 ILCS 14/15(c)); (2) require written consent prior to collecting/using an individual's private identifiers (*compare* 765 ILCS 1075/30(a) *to* 740 ILCS 14/15(b)(3)); and (3) regulate what happens to the private identifiers once the information is no longer needed and/or the individual in question is deceased (*compare* 765 ILCS 1075/25(a) *to* 740 ILCS 14/15(a)).

Parallel privacy rights have been held to a one-year statute of limitations.  *See e.g.*, 735 ILCS 5/13-201 ("Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued.").  Illinois courts have similarly applied a one-year statute of limitations to the causes of action of public disclosure of private facts (*Johnson v. Lincoln Christian College*, 150 Ill.App.3d 733, 745-746 (4th Dist. 1986)), the appropriation of name or likeness of another (*Leopold v. Levin*, 45 Ill.2d 434,

5

439, 444 (Ill. 1970)), and false-light publicity (*Bryson v. News America Publications, Inc.*, 174 Ill.2d 77, 104-105 (Ill. 1996)).

> **B.      The Illinois Legislature's Intent, Along With The Plain Text of BIPA Demonstrate That The Illinois Legislature Codified A Right Of Privacy In Personal Biometric Information.**

As an extension to the various privacy rights already recognized in the state, Illinois enacted BIPA in response to potential privacy risks associated with certain private entities' collection, possession, and use of individuals' biometric data.  740 ILCS 14/15; *see Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30 (1st Dist. 2019) ("In short, [BIPA] is a privacy rights law that applies inside and outside the workplace.").  BIPA's stated purpose is to protect the privacy of Illinois citizens' biometric information (hence the Act's name—Illinois Biometric Information Privacy Act) and prevent such information from getting into the wrong hands (*i.e.*, being published).  Indeed, Plaintiff himself acknowledges throughout his Complaint that BIPA is a right of privacy claim.  (*See* Coml. ¶ 13 ("Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents…"); ¶ 35 ("Defendant invaded Plaintiff's statutorily protected right to privacy in his biometrics"), ¶ 66 ("Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA…").

To further its intent to codify BIPA as a right of privacy claim, the Illinois legislature included several provisions that are analogous to other right of privacy laws.  For example, BIPA prohibits the dissemination (*i.e.*, publication) of biometric information without first obtaining consent. 740 ILCS 14/15(d).  Analogously, the Right of Publicity Act states that "[a] person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person."  765 ILCS 1075/30.

6

Mirroring the Right of Publicity Act, BIPA similarly prohibits certain entities from using (*e.g.* "collect, capture, purchase, receive through trade or otherwise obtain") an individual's biometric data without having obtained prior written consent from an appropriate person.  740 ILCS 14/15(b).  BIPA also prohibits certain entities from using an individual's biometric data for commercial purposes.  740 ILCS 14/15(c) ("No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information.").  Given the parallels between BIPA and the recognized privacy rights in Illinois (including the Right of Publicity Act and other claims governed by 735 ILCS 5/13-201), the same one-year statute of limitations should apply.  *See PSI Res., LLC v. MB Fin. Bank, Nat. Ass'n*, 2016 IL App (1st) 152204, ¶ 39 (1st Dist. 2016) ("Where two statutes of limitation arguably apply to the same cause of action, the one which more specifically relates to the action must be applied").[1]

        C.      **Plaintiff's BIPA Claim Is Barred by the One-Year Statute of Limitations.**

Generally, a cause of action accrues and the limitations period begins to run when facts exist that authorize one party to maintain an action against another.  *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 278 (Ill. 2003); *Fetzer v. Wood*, 211 Ill.App.3d 70, 78 (2nd Dist. 1991).  Indeed, a plaintiff's cause of action usually accrues at the time his or her interest is invaded, which in this case would be when Plaintiff purportedly began using GPI's timekeeping system to clock in and out.  *Bank of Ravenswood v. City of Chicago*, 307 Ill.App.3d 161, 167 (1st Dist. 1999).  An exception to the general rule exists when the alleged conduct is repeated.  *See Feltmeier*, 207 Ill.2d

---

[1] To date, there is no Illinois Appellate Court authority on the statute of limitations governing BIPA claims.  However, the issue of whether the one-year statute of limitations should apply here is presently before the First District Appellate Court in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-28-0563.  For this reason (and others), GPI has filed, contemporaneous with this motion to dismiss, a motion to stay these proceedings pending the Illinois appeals court's determination of this issue.

at 278; *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill.2d 325, 345 (Ill. 2002). Under the "continuing violation rule," where the claim involves a repeated violation, the limitations period does not begin to run until the date of the last purported conduct or the date the purported violations cease. *Feltmeier*, 207 Ill.2d at 278; *Belleville Toyota*, 199 Ill.2d at 345. A continuing violation is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. *Feltmeier*, 207 Ill.2d at 278.

Plaintiff alleged that, during the time he was purportedly staffed at GPI's Centralia facility, GPI required him to scan his handprint each time he clocked in and out so GPI could match Plaintiff's handprint against the handprint stored in its database. (Compl. ¶¶ 28-31.) Further, Plaintiff alleged that he was only staffed at GPI's Centralia facility "until July 2016" and does not allege any subsequent conduct violating BIPA after that time. (*See id.* ¶¶ 27-37.) Thus, according to Plaintiff's own allegations, his cause of action became untimely, at the very latest, on August 1, 2017. As such, the dismissal of Plaintiff's entire Complaint is warranted here. *See Sepmeyer v. Holman*, 162 Ill.2d 249, 254 (Ill. 1994) ("Our cases have been uniform in holding that the legislature lacks the power to reach back and breathe life into a time-barred claim."); *see also Clay v. Kuhl*, 189 Ill.2d 603, 609 (Ill. 2000) ("[U]nder Illinois law, the barring of an action by a statute of limitations creates a vested right in favor of the defendant, and the action cannot later be revived."); *see also Board of Education of Normal School District v. Blodgett*, 155 Ill. 441, 446 (Ill. 1895). Plaintiff's Complaint is time-barred by the one-year statute of limitations.

Furthermore, to the extent that Plaintiff asserts that publication is a required element in order for BIPA privacy claims to fall under 735 ILCS 5/13–201, such an argument misses the mark and is contrary to *Rosenbach*. The Illinois Supreme Court specifically held that BIPA codified that "individuals possess a right to privacy in and control over their biometric identifiers and

8

biometric information," that the legislature's purpose in enacting BIPA was "try to head off such problems before they occur," and that "the point of the law" is to avoid "the substantial and irreversible harm that could result if biometric identifiers and information are not properly safeguarded[.]" *Rosenbach,* 2019 IL 123186, ¶¶ 33, 35-36.  These statements by the Illinois Supreme Court, taken together, support the conclusion that the one-year limitations period is applicable to Plaintiff's BIPA claims.  *See* 735 ILCS 5/13-201.

The Illinois Supreme Court's reasoning in *Rosenbach* presumes that the prevention of unauthorized publication is an integral part of BIPA's scheme—a conclusion grounded in the language of BIPA itself.  First, BIPA's statement of intent announces that the Act is concerned with the potential publication of biometric data because it recognizes that the harm associated with the use of biometric data is that if the information is compromised, it cannot be replaced.  *See* 740 ILCS 14/5(c).  Second, each aspect of Section 15 of BIPA relates to the publication or potential publication of biometric data.  Section 15(c) restricts the ability to "sell, lease, trade, or otherwise profit from" a person's biometric information.  Section 15(d) places restrictions on the publication of biometric data to third parties.  Sections 15(a) (publicly available retention schedule), (b) (prior written consent), and (e) (protection from disclosure) involve publication because they regulate or prevent the potential publication of biometric data.  Third, BIPA's legislative history shows that BIPA was enacted because of a concern with Pay By Touch potentially disclosing the biometric data of thousands of Illinois residents.  IL H.R. Tran. 2008 Reg. Sess. No. 276, at 249 (May 30, 2008).  Thus, the "publication" of biometric data underlies every claim pursuant to BIPA, requiring that the one-year limitations period applicable to privacy claims be applied.

9

Any analysis to the contrary would read the Illinois Supreme Court's own reasoning out of *Rosenbach*. The Illinois Supreme Court held that BIPA concerns an individual's "right to privacy in ***and control over*** their biometric identifiers and biometric information." *Rosenbach,* 2019 IL 123186, ¶ 33 (emphasis added); *see also* 740 ILCS 14/5(c) (expressing concern about sensitive data "being compromised") and (g) (identifying one purpose of BIPA being the "handling" of biometric information). The emphasized language from the Illinois Supreme Court is critical because it acknowledges that the rights created by BIPA concern control and possession (*i.e.*, publication and the prevention thereof). The Illinois Supreme Court's own language demonstrates that BIPA is subject to a one-year limitations period, requiring the dismissal of Plaintiff's Complaint.

## II.     ALTERNATIVELY, PLAINTIFF'S COMPLAINT IS BARRED BY A TWO-YEAR STATUTE OF LIMITATIONS.

GPI submits that the one-year statute of limitations should govern here. But, in the event that the one-year statute is held not to apply, Plaintiff's Complaint is nevertheless still barred by a two-year statute of limitations period. *See* 735 ILCS 5/13-202 ("Actions for damages for ***injury to the person***, or for false imprisonment, or malicious prosecution, ***or for a statutory penalty*** … shall be commenced within 2 years next after the cause of action accrued[.]") (emphasis added). Two independent grounds support the application of a two-year limitations period: (1) lawsuits pursuant to BIPA are for remedies based on alleged personal injuries and (2) BIPA imposes statutory penalties without regard to the actual damages suffered by Plaintiff.

As to the first ground, BIPA remains an action for personal injury despite being of statutory origin. *See Neikirk v. Cent. Illinois Light Co.*, 128 Ill.App.3d 1069, 1072 (3rd Dist. 1984) ("The fact that the alleged cause of action was statutory in origin does not remove plaintiff's personal injury claim from the purview of section 13–202, and thus, the civil action here is provided for by

a specific limitation provision."). Moreover, injuries need not be physical in order to be "personal injuries" that are nevertheless governed by a two-year limitations period. *See Dahl v. Fed. Land Bank Assn. of W. Illinois*, 213 Ill.App.3d 867, 872 (3rd Dist. 1991) ("In our view, intentional infliction of emotional harm is a species of 'injury to the person,' and is therefore governed by the limitation period set out in section 13-202 of the Code of Civil Procedure."); *see also Pavlik v. Kornhaber*, 326 Ill.App.3d 731, 761 (1st Dist. 2001) (same).  BIPA is, therefore, an "action for damages for an injury to the person," which is under the purview of a two-year limitations period. 735 ILCS 5/13-202; *see also* 740 ILCS 14/5(g) (noting that BIPA was designed to protect "public welfare, security and safety"); *see also Rosenbach*, 2019 IL 123186, ¶ 34 (noting that injuries pursuant to BIPA are "real and significant").  Accordingly, Plaintiff's claims are, at minimum, barred by a two-year statute of limitations, and the Court should dismiss the Complaint.

Turning to the second ground, causes of action that impose statutory penalties must be filed within two years of the accrual of the claim. 735 ILCS 5/13-202. A "statutory penalty" is one that "(1) impose[s] automatic liability for a violation of its terms; (2) set[s] forth a predetermined amount of damages; and (3) impose[s] damages without regard to the actual damages suffered by the plaintiff." *Landis v. Marc Realty, LLC*, 235 Ill.2d 1, 13 (Ill. 2009).  All of these factors are present here.  It is undisputed that an individual need not establish (or even allege) actual harm in order to assert a cognizable claim pursuant to BIPA. *See Rosenbach*, 2019 IL 123186, ¶ 28; (*see also* Compl. ¶¶ 57, 68, Prayer for Relief (seeking statutory liquidated damages).)  Plaintiff has pleaded automatic liability for the alleged violation of BIPA's terms, a liquidated sum in the predetermined amount of either $1,000 or $5,000 per violation. (Compl. ¶¶ 57, 68, Prayer for

11

FP 40965319.2

Relief); *see also* 740 ILCS 14/20 (identifying sums of liquidated damages).) For this reason also, a two-year limitations period applies and the Court should dismiss Plaintiff's Complaint.[2]

## CONCLUSION

For all the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because the allegations on their face demonstrate that his BIPA claims are time-barred by the applicable one-year statute of limitations; or, alternatively, his claims are time-barred by the two-year statute of limitations.

Dated: July 21, 2021

Respectfully submitted,

By: *s/ Franklin Z. Wolf*

Franklin Z. Wolf
Jessica D. Causgrove
Andrew D. Welker
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061 Phone
(312) 346-3179 Facsimile
fwolf@fisherphillips.com
jcausgrove@fisherphillips.com
awelker@fisherphillips.com

*Attorneys for the Defendant*

[2] As noted in FN 1 above, no Illinois Appellate Court has weighed in on the applicable limitations period for BIPA claims. In addition to the *Tims* appeal currently pending, there is another case pending before the Third District Appellate Court—*Marion v. Ring Container Tech., LLC,* Case No. 3-20-0184—in which the appeals court will be addressing whether a one, two or five-year statute of limitations should apply to claims brought under BIPA. The *Marion* appeal is also referenced in the stay motion being filed by GPI contemporaneous with this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2021, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT** with the Clerk of the Court via the Court's CM/ECF notification system, which will send notification of such filing by electronic service to the below-listed counsel of record:

William M. Sweetnam
Keogh Law, Ltd.
55 W. Monroe Street
Suite 3390
Chicago, IL  60603
Tel: (312) 726-1092
Fax: (312) 726-1093
wsweetnam@keoghlaw.com

*Attorneys for the Plaintiff*

*s/ Franklin Z. Wolf*
One of the Attorneys for the Defendant