## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EASTERN ST. LOUIS DIVISION

JOCELYN ROBERTS, individually and on
behalf of persons similarly situated,

      Plaintiff,

  v.

GRAPHIC PACKAGING
INTERNATIONAL, LLC

      Defendant.

Case No. 3:21-cv-00750

Judge David W. Dugan

### DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant Graphic Packaging International, LLC ("GPI" or "Defendant"), through counsel, respectfully requests this Court to stay proceedings to avoid potential incurring unnecessary cost and undue prejudice given that pending appeals in multiple cases will inform the Court's analysis of issues pertinent to this matter. In support of this motion, GPI states as follows:

1.  Plaintiff Jocelyn Roberts ("Plaintiff") has filed a putative class action on June 29, 2021 seeking relief under the Illinois Biometric Information Privacy Act ("BIPA"). (ECF No. 1, "Compl.") Plaintiff alleges that he was "staffed" by his employer, ABBCO, at GPI's Centralia facility "until July 2016," nearly 5 years prior to the filing of the Complaint. (Compl. ¶¶ 27-28.)

2.  Several pending appeals will inform the Court's analysis—or be dispositive—of the issues pertinent to this matter. In particular, the following appeals are currently pending: (1) the First District Illinois Appellate Court will be addressing the issue of whether a one-year or five-year statute of limitations applies to BIPA claims (*Tims v. Black Horse Carriers, Inc.*, 1st Dist. Case No. 1-20-0563, relevant order attached as Exhibit ("Ex."). A); and (2) the Third

District Illinois Appellate Court will be addressing whether a one-, two-, or five-year statute of limitations applies to BIPA claims (*Marion v. Ring Container Technologies, LLC*, 3rd Dist. Case No. 3-20-0184, relevant order attached as Exhibit B).  While these decisions will not bind this Court, they will constitute decisional authority that the Court should consider in determining the dictates of state law.  *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004); *see also McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 663 (3rd Cir. 1980).

3.      In addition, on November 9, 2020, the Seventh Circuit granted a 28 U.S.C. § 1292(b) petition for leave to appeal from a District Court Order that addresses several issues under BIPA, including what comprises an "injury" under BIPA, which could impact the statute of limitations analysis and potentially the scope of any putative class in this case (*In Re: White Castle System, Inc.*, No. 20-8029, relevant order attached as Ex. C).  *See Cothron v. White Castle Sys., Inc.*, 467 F.Supp.3d 604 (N.D. Ill. 2020).  The Seventh Circuit further determined that a stay of the district court case in that case was "warranted" while this interlocutory appeal is pending.  (Ex. C).  Of course, any ruling by the Seventh Circuit will bind this Court.  *See Reiser*, 380 F.3d at 1029.  GPI respectfully submits that these pending appeals warrant a stay of proceedings.

4.      A stay of this case is appropriate to avoid undue burden and expense.  Should this case proceed, the parties may incur significant additional attorneys' fees and costs that may be rendered unnecessary by rulings on the pending interlocutory appeals.

5.      A district court has inherent power to stay proceedings which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).  Staying proceedings may be appropriate where a litigant in

2

another case may settle the rule of law that applies in the stayed lawsuit, which is the exact situation presented here. *Id.*; *see also Morrison v. YTB Int'l, Inc.*, Nos. 08-575-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 1931127, at *1 (S.D. Ill. May 13, 2010) (citing authority).

   *6.*     This Court and numerous others have granted motions to stay pending rulings in the *Tims, Marion,* and/or *Corthron* cases.  *See Johns v. Paycor, Inc.*, No. 20-CV-00264-DWD, 2021 WL 2627974 (S.D. Ill. May 11, 2021) (Dugan, J.) (staying proceedings pending resolution of *Cothron*, *Tims*, and *Marion*); *Hall v. Meridian Senior Living, LLC,* No. 21-CV-55-SMY, 2021 WL 2661521 (S.D. Ill. June 29, 2021) (Yandle, J.); *Roberson v. Maestro Consulting Servs. LLC*, No. 20-CV-00895-NJR, 2021 WL 1017127 (S.D. Ill. Mar. 17, 2021) (Rosenstengel, J.); *Fleury v. Union Pacific Railroad Co.,* No. 20 C 390, 2021 WL 2588752 (N.D. Ill. June 23, 2021) (Alonso, J.); *Varnado v. West Liberty Foods*, No. 20-cv-2035, 2021 WL 545628 (N.D. Ill. Jan. 5, 2021) (Coleman, J.); *Wyllie v. Flanders Corp.*, No. 21-CV-3078, 2021 WL 2283737, at *4 (C.D. Ill. May 28, 2021); *Vaughan v. Biomat USA, Inc*., No. 20-cv-4241, 2020 WL 6262359 (N.D. Ill. Oct. 23, 2020) (Aspen, J.).[1]

   7.     This Court has the inherent power and discretion to stay this case to avoid undue burden and unnecessary expense.   GPI respectfully submits that it would be unduly prejudiced absent a stay, as it may be forced to continue to defend and engage in discovery on claims that

---

[1] *See also Ambrose v. LCS Community Employment LLC*, No. 2019 CH 9912 (Cir. Ct. Cook Cty. Nov. 2, 2020); *Young v. Bria Health Services, LLC*, No. 19 L 499 (Cir. Ct. St. Clair Cty. Oct. 29, 2020); *Sanchez v. Elite Labor*, No. 2018 CH 02651 (Cir. Ct. Cook Cty. Oct. 14, 2020); *Tims v. Black Horse Carriers, Inc*., No. 2019 CH 03522 (Cir. Ct. Cook Cty. Jan. 28, 2020 & Oct. 20, 2020); *Townsend v. The Estates of Hyde Park, LLC*, No. 2019 CH 11849 (Cir. Ct. Cook Cty. Oct. 20, 2020); *Owens v. Wendy's Int'l, LLC*, No. 2018 CH 11423 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Solomon v. Schmolz + Bickenbach USA, Inc*., No. 2019 CH 13361 (Cir. Ct. Cook Cty. Oct. 8, 2020); *Gory v. Glencrest Healthcare*, No. 2019 CH 04326 (Cir. Ct. Cook Cty. Oct. 2, 2020); *Measaw v. Heritage Operations Group, LLC*, No. 2019 CH 08321 (Cir. Ct. Cook Cty. Oct 2, 2020); *Cline v. Marion Rehabilitation Center*, No. 2020 L 52 (Cir. Ct. Williamson Cty. Aug. 14, 2020); *Young v. Tri City Foods, Inc.*, No. 2018 CH 13114 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Rondinella v. Palos Hills Healthcare, LLC*, No. 2020 CH 3357 (Cir. Ct. Cook Cty. July 17, 2020); *Marion v. Ring Container Technologies, LLC*, No. 2019 L 89 (Cir. Ct. Kankakee Cty. Apr. 20, 2020). The unreported orders referenced above are attached collectively hereto as Ex. D.

may be completely time-barred, preempted, or significantly reduced in scope and value.   In contrast, Plaintiff will suffer no prejudice given that her last alleged contact with GPI occurred several years ago, is not seeking any actual damages, and waited years to bring his claims in the first place.

WHEREFORE, Graphic Packaging International, LLC requests that this Court stay this matter, with the parties to file a status report in 120 days pertaining to the status of the pending appellate matters and grant any other just relief.


Dated: July 21, 2021                                    Respectfully submitted,

                                    By:      *s/ Franklin Z. Wolf*____
                                             Franklin Z. Wolf
                                             Jessica D. Causgrove
                                             Andrew D. Welker
                                             **FISHER & PHILLIPS LLP**
                                             10 South Wacker Drive, Suite 3450
                                             Chicago, Illinois 60606
                                             (312) 346-8061 Phone
                                             (312) 346-3179 Facsimile
                                             fwolf@fisherphillips.com
                                             jcausgrove@fisherphillips.com
                                             awelker@fiserphillips.com

                                             *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 21, 2021, I electronically filed the foregoing **DEFENDANT'S MOTION TO STAY PROCEEDINGS** with the Clerk of the Court via the Court's CM/ECF notification system, which will send notification of such filing by electronic service to the below-listed counsel of record:

William M. Sweetnam
Keogh Law, Ltd.
55 W. Monroe Street
Suite 3390
Chicago, IL  60603
Tel: (312) 726-1092
Fax: (312) 726-1093
wsweetnam@keoghlaw.com

*Attorneys for the Plaintiff*

*s/ Franklin Z. Wolf*
One of the Attorneys for the Defendant

FP 40971506.1