**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| JOCELYN ROBERTS, individually and on behalf of himself all others similarly situated, | ) ) ) ) |
| *Plaintiff,* | ) ) Case No. 3:21-cv-00750 |
| v. | ) ) Hon. David W. Dugan |
| GRAPHIC PACKAGING INTERNATIONAL, LLC | ) Presiding Judge ) ) |
| *Defendant.* | ) ) |

<u>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY**</u>

Plaintiff Jocelyn Roberts ("Plaintiff"), through his attorneys, hereby responds in opposition to Defendant Graphic Packaging International, LLC's ("Graphic") Motion to Stay Proceedings ("Motion"), and states as follows:

**INTRODUCTION**

Plaintiff brought this class action to put an end to Graphic's systematic violations of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* In response, Graphic moved for dismissal under Rule 12(b)(6), insisting that Plaintiff's BIPA claims are barred by either: (1) the one-year statute of limitations set forth in 735 ILCS 5/13-201's ("Section 201"); or (2) the two-year statute of limitations set forth in 735 ILCS 5/13-202's ("Section 202"). *See, generally,* ECF No. 9.

The problem for Graphic is that every state and federal court to consider the issue has unanimously rejected both arguments, and held that BIPA claims are governed by a five-year statute of limitations. *See Quarles v. Pret A Manger (USA) Ltd.*, No. 20 CV 7179, 2021 U.S. Dist. LEXIS 79053, at *13 (N.D. Ill. Apr. 26, 2021) (olding (the "default five-year statute of limitations … applies to [plaintiff's] BIPA claims"); *Cothron v. White Castle Sys.,* 477 F. Supp. 3d 723, 733

109101

(N.D. Ill. 2020) (noting unanimous consensus); *accord*; *Bryant v. Compass Grp. USA, Inc.*, 503 F. Supp. 3d 597, 599 (N.D. Ill. 2020); *Burlinski v. Top Golf USA, Inc.*, No. 19-cv-06700, 2020 U.S. Dist. LEXIS 161371, at *22 (N.D. Ill. Sep. 3, 2020) (same).[1]   Nevertheless, Graphic now urges the Court to stay this matter indefinitely on the off-chance the Illinois Appellate Courts' decisions in *Marion v. Ring Container Technologies, LLC* or *Tims v. Black Horse Carriers, Inc.* depart from this unbroken chain of well-reasoned opinions. Were that not enough, Graphic seeks to keep this case on ice pending the Seventh Circuit's forthcoming decision in *Cothron v. White Castle Sys., Inc.*, despite that the sole issue raised in that appeal—whether a Section 15(b) claim only accrues the first (as opposed to every) time a company illegally collects someone's biometric data—has no bearing on the pending motion to dismiss.

Graphic's Motion should be denied. As demonstrated below, the proposed stay will significantly prejudice Plaintiff by hampering (if not precluding) his ability to conduct the discovery needed to obtain effective, class-wide relief. Graphic, on the other hand, fails to identify any plausible hardship it will sustain if this case proceeds. There is simply no need to stay the case pending *Tims* or *Marion*, as the Court is perfectly capable of resolving Graphic's statute of limitations arguments without appellate guidance, just like scores of state and federal courts have done on roughly twenty occasions. And, because none of the issues before the Court even implicate the accrual date of Plaintiff's claims, *Cothron* will add nothing to the analysis.

For these reasons, and others explained more fully below, Graphic cannot meet its burden in demonstrating the need for the proposed stay, and thus its Motion should be denied.

### STANDARD OF REVIEW

"Only in rare circumstances will a litigant in one case be compelled to stand aside while a

---

[1] *Accord, Meegan v. NFI Indus.*, 2020 U.S. Dist. LEXIS 99131, at *5 (N.D. Ill. June 4, 2020).

litigant in another settles the rule of law that will define the rights of both." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). In deciding whether to enter a stay pending the outcome of a different proceeding, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *United States v. Faris,* No. 17-CV-295-SMY-DGW, 2018 U.S. Dist. LEXIS 170212, at *2 (S.D. Ill. Oct. 2, 2018) (Yandle, J.).

The movant bears the burden of demonstrating the need for the stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "[I]f there is even a fair possibility that the stay * * * will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity in being required to go forward." *Faris,* 2018 U.S. Dist. LEXIS 170212, at *2 (quoting *Landis,* 299 U.S. at 255); *accord, Coleman v. Verde Energy USA Ill., LLC,* No. 3:17-cv-00062-DRH-SCW, 2017 U.S. Dist. LEXIS 181866, at *6 (S.D. Ill. Nov. 2, 2017) (Herndon, J.). Ultimately, "it must be clear that the interests of justice require it, that adjudication of the claim would be a waste of judicial effort and that the plaintiff will not be substantially harmed by the delay." *United States SEC v. Glick*, 2019 U.S. Dist. LEXIS 460, at *18 (N.D. Ill. Jan. 2, 2019).

## I.    A stay pending the outcome of *Tims* and *Marion* is unwarranted.

### A.  The proposed stay will prejudice and tactically disadvantage Plaintiff.

Rather than grappling with the potential prejudice Plaintiff will suffer from the proposed stay, Graphic merely proclaims this is a non-issue because Plaintiff "waited too long" to file suit and isn't seeking actual damages. Mot., ¶ 7. Not so.

Initially, Graphic fails to explain how the filing date or damages at issue have any bearing on the prejudice that could result from the indefinite stay sought here, and has therefore waived

any argument to that effect. *See, generally,* Mot.; *see also Cannon v. Burge*, No. 05 C 2192, 2006 U.S. Dist. LEXIS 4040, at *77 (N.D. Ill. Feb. 2, 2006) (perfunctory and undeveloped arguments are waived). Even if that were not the case, Graphic's attempt to downplay the prejudice Plaintiff will suffer from the proposed stay fails for several reasons.

First, the proposed stay will significantly hamper Plaintiff's third-party discovery efforts. Because Graphic will presumably deny its time clocks collects biometric data, Plaintiff intends to subpoena the manufacturer for information regarding the time clock's functions and capabilities. Because Plaintiff cannot do so if the case is stayed, the proposed stay presents a serious risk of spoliation because third-parties such as the manufacturer generally have no duty to preserve evidence. *See Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004) ("The general rule is that there is no duty to preserve evidence[.]"); *Olivarius v. Tharaldson Prop. Mgmt.*, 695 F. Supp. 2d 824, 830 (N.D. Ill. 2010) ("even requesting an adverse party or third party to preserve evidence is not always sufficient to create a duty to do so").  Any delay on this front could prove fatal to Plaintiff's and the proposed class's claims. During the stay, the manufacturer could lose the information, relevant employees could leave, or the company could go bankrupt. Indeed, the bankruptcy of a biometric-information service provider — and the uncertainty it created as to what would happen to the biometric information that provider collected — is what prompted the Illinois legislature to pass BIPA in the first place. Hence, the proposed stay presents a patent risk of prejudice and tactical disadvantage that could prove fatal to the meritorious claims of hundreds of proposed class member.

Second, the proposed stay will also makes it more difficult for Plaintiff to take discovery from Graphic. "If the Court stays the entire case, witnesses' memories may fade, and documents may be lost." *See, e.g.*, *Jackson v. Boars Next Bar & Grill, Inc.*, 2019 U.S. Dist. LEXIS 164050,

*7 (C.D. Ill. Sept 25, 2019); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); *accord, LaGuardia v. Designer Brands, Inc.,* No. 2:20-cv-2311, 2020 U.S. Dist. LEXIS 199262, at *31 (S.D. Ohio Oct. 27, 2020). This risk is exacerbated where the plaintiff brings suit in a representative capacity, as "members of the [class] will become harder to locate as time passes," and witnesses with knowledge of the relevant timekeeping systems and biometric data practices "may be long gone as well." *Martinez-Gonzalez v. Elkhorn Packing Co., LLC*, 2020 U.S. Dist. LEXIS 25385, at *6 (N.D. Cal. Feb. 13, 2020); *see Coleman v. Verde Energy USA Ill., LLC,* No. 3:17-cv-00062-DRH-SCW, 2017 U.S. Dist. LEXIS 181866, at *7 (S.D. Ill. Nov. 2, 2017) ("A clear tactical disadvantage for plaintiff is present as absent class members would be increasingly more difficult to locate if a stay were granted."); *see also Lathrop*, 2016 U.S. Dist. LEXIS 2490 at *12-13 (denying motion where plaintiffs "would suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"). This is in addition to the scheduling difficulties an indefinite stay causes. *See Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, 2016 U.S. Dist. LEXIS 158733, *3 (S.D. Fla. Nov. 16, 2016) ("[W]hen discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citation omitted).

Third, the proposed stay is inherently prejudicial because it needlessly delays the resolution of Plaintiff's and the class members' claims. *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) ("[P]laintiffs have a strong interest in being fully compensated for their losses as soon as possible, and therefore, a stay is not appropriate."); *Chagolla v. City of Chicago*, 529 F.

Supp. 2d 941, 947 (N.D. Ill. 2008) (same). As the Seventh Circuit put the point, "[j]ustice delayed is justice denied." *Drobny v. C.I.R.*, 113 F.3d 670, 681 (7th Cir. 1997).

Accordingly, Graphic cannot assume away the prejudice that will result from an indefinite delay. Because there is more than a "fair probability" the stay will significantly jeopardize Plaintiff's ability to obtain critical discovery and obtain effective, class-wide relief, the first *Landis* factor weighs heavily against the stay sought here. *See, e.g., Faris,* 2018 U.S. Dist. LEXIS 170212, at *2 ("fair possibility" of prejudice to nonmovant precludes stay unless movant demonstrates "clear case of hardship or inequity").

**B.  Graphic fails to demonstrate any hardship it will endure absent the stay.**

Given the various ways in which the proposed stay will prejudice Plaintiff and the proposed class, Graphic can only prevail by demonstrating a "clear case" of the hardship or inequity *it* will suffer if this case proceeds before *Tims* and *Marion* are resolved. *Faris,* 2018 U.S. Dist. LEXIS 170212, at *2. Yet Graphic's only argument to this effect is that it could needlessly incur additional litigation costs if forced to continue defending against, or conduct discovery on, claims that may ultimately fall outside the applicable statute of limitations. *See* Mot., ¶ 7. Not so.

To begin, Graphic's concerns about the costs of maintaining its defense ignores the procedural posture of this case. That is, Graphic has already moved for dismissal based on its statute of limitations arguments, *see* ECF No. 9, and there aren't any "exceptional circumstances" that could warrant a reply brief. *See* SDIL-LR 7.1(c)(2). Because Graphic won't incur any additional burdens in connection with that motion (financial or otherwise), it cannot bolster its Motion by pretending otherwise.

Nor can Graphic do so by grumbling about the potential costs of discovery. Because neither party has even issued a single discovery request, Graphic's concerns are precisely the type of

conjecture that cannot justify a simple stay of discovery, much less the case as a whole.. *See, e.g., Stigall v. Walgreen Co.*, No. 20 CV 50288, 2021 U.S. Dist. LEXIS 112787, at *8 (N.D. Ill. June 16, 2021) ("Courts in this circuit find that broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery.") (collecting cases).

More importantly, the chances *Marion* or *Tims* will actually hold that BIPA is subject to the shorter limitation periods set forth in Section 201 or Section 202 is slim, at best, given that these arguments have been rejected by every state and federal court to consider them. And with good reason. Section 201's one-year limitations period only applies to claims for "slander, libel, or for publication of matter violating the right of privacy." 735 ILCS 5/13-201. Thus, only privacy claims which require an element of publication fall within Section 201. *Benitez v. KFC Nat. Mgmt. Co.*, 714 N.E.2d 1002, 1007 (Ill. App. Ct. 1999); *Meehan v. Loyola University*, 2017 U.S. Dist. LEXIS 85333, at *15 (N.D. Ill. June 5, 2017). Publication, however, is not an element of a BIPA claim. As a result, courts unanimously hold the one-year statute of limitations in Section 13-201 "cannot apply" to BIPA claims. *See, e.g.*, *Burlinski*, 2020 U.S. Dist. LEXIS 161371, at *17.[2]

Efforts to invoke Section 202's two-year statute of limitations for injuries to the person have met the same result. Illinois law clearly provides Section 202's two-year statute of limitations for "injuries to the person" only "applies where the plaintiff has suffered direct physical or mental injury." *People ex rel. Illinois DOL v. Tri State Tours, Inc.,* 795 N.E.2d 990, 995-96 (Ill. App. Ct. 2003); *see Mitchell v. White Motor Co.*, 317 N.E.2d 505, 507 (Ill. 1974), *superseded by statute on*

---

[2] *See  also Meegan,* 2020 U.S. Dist. LEXIS 99131, at * (holding "§ 13-201 cannot provide the statute of limitations for" BIPA claims); *Bayeg,* (Ex. B) at 4-5 (same, explaining BIPA "does not involve the *publication* of private matters"); *Cortez,* (Ex. N) at 5 ("Section 13-201 . . . cannot apply."); *Roach,* (Ex. J) at 4 (holding Section 13-201 "is not the applicable statute of limitations"); *Chavez,* (Ex. K) at 8 ("Section 13-201 does not apply to Plaintiff's BIPA claim."); *Tims,* (Ex. L) at 2-3 (same); *Robertson,* (Ex. C) at 4 ("Section 13-201 does not apply to Robertson's [BIPA] claims.").

*other grounds*, ("Where, as here, plaintiff has suffered no direct physical or mental injury the two-year statute is inapplicable."). Suffice it to say, the injury resulting from the violation of one's biometric privacy rights does not fall within either category. *See, e.g., Burlinski,* 2020 U.S. Dist. LEXIS 161371, at \*19  ("[Defendant] fails to explain why an alleged violation of purely statutory rights under BIPA … should count as "an injury to the person" as that phrase is used in [Section 202].").

Without a meaningful chance *Tims* or *Marion* will depart from these dozens of well-reasoned decisions, Graphic cannot demonstrate any hardship or inequity it will suffer absent the proposed stay.  For this reason, as well, Graphic's Motion should be denied.

### C.  Neither Marion nor Tims will streamline the issues or promote judicial economy.

Putting aside its inability to make out a clear case or hardship or inequity, Graphic cannot demonstrate the remaining *Landis* factors—*i.e.* whether the proposed stay will streamline the issues in this case or promote judicial economy — tilt in its favor.  That's because this Court is tasked with assessing how the assessing how the Illinois Supreme Court, not an intermediary appellate court, would rule. *Valerio v. Home Ins. Co.,* 80 F.3d 226, 228 (7th Cir.1996). In the absence of Illinois Supreme Court direction, federal courts sitting in diversity give Illinois Appellate Courts' interpretations of Illinois law great weight. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087–88 (7th Cir. 2016); *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015). However, persuasive indications that the Illinois Supreme Court would disagree render those interpretations non-controlling. *Id.*

As explained above, no court—of the dozens to consider the issue—has ever held that BIPA claims are subject to a one- or two-year limitations period. Thus, even in the unlikely event *Marion* and/or *Tims* reach a contrary holding, the fact that *every other* state and federal court has uniformly

held that BIPA claims are subject to the five-year limitations period would be a compelling indicator that the Illinois Supreme Court would reach the same conclusion. *See Quarles*, 2021 U.S. Dist. LEXIS 79053 at *2 ("Based on my prediction of how the Illinois Supreme Court would rule on the … statute of limitations issues, … Pret's motions to stay and dismiss are denied."). Put simply, neither *Marion* nor *Tims* will impact, let alone streamline, the statute of limitations analysis (or any other aspect of this case, for that matter).

Nor will the proposed stay promote judicial economy. As discussed above, determining the applicable limitations period is a straightforward matter of statutory interpretation. A stay pending the resolution of *Tims* and *Marion* is simply unwarranted where the relevant statutory language, along with the myriad state and federal decisions cited above, provide sufficient guidance. *See, e.g.*, *City of Houston, Tex. v. Hill*, 482 U.S. 451, 469 (1987) ("The city relies heavily on its claim that the state courts have not had an opportunity to construe the statute. Even if true, that factor would not in itself be controlling. As stated above, when a statute is not ambiguous, there is no need to abstain even if state courts have never interpreted the statute."). There is nothing ambiguous about BIPA or the limitation periods set forth in Section 201, 202, or 205.

Because the Court has no need to await a decision in *Tims* or *Marion* to decide the issues before it, the proposed stay will only subvert judicial economy by needlessly miring this case at the pleadings stage.

## II.    Because the date on which Plaintiff's claims accrued has no relevance to any issue before the Court, there is no reason to stay the case pending Cothron.

Graphic also requests to stay this matter pending the Seventh Circuit's resolution of *Cothron,* which will address whether Section 15(b) claims accrues only when a company first collects someone's biometric information, or whether a separate cause of action accrues each time the company collects that person's biometric information. There, Graphic just contends, without

any meaningful argument or analysis, that *Cothron* could potentially "impact the statute of limitations analysis" and the "scope of the proposed class." *See* Mot., ¶ 3. Not so.

At the outset, Graphic's failure to develop its argument in any real way, such as by explaining *how Cothron* will have such an impact, constitutes waiver of the issue. *Cannon,* 2006 U.S. Dist. LEXIS 4040, at \*77. Even if Graphic had not waived the issue, which did, its argument would still because *Cothron* is irrelevant at this stage of the litigation.

The only substantive issues before the Court are laid out in the Graphic's pending motion to dismiss. As explained above, that motion raises only two arguments: That Plaintiff's claims are barred by either a one- or –two year statute of limitations. ECF No. 9. At no point does Graphic suggest Plaintiff's claims would remain untimely under a five-year statute of limitations due to the date on which those claims accrued. *See, generally, id.* Thus, in the event the Court adopts either of the shorter limitation periods endorsed by Graphic (it should not), Plaintiff loses. But if the Court joins with every other court to consider the issue and holds that BIPA is subject to five-year limitations period, Graphic's motion fails as a matter of law and must be denied. Either way, the date on which Plaintiff's claims accrued doesn't factor into the analysis. Put another way, *Cothron* is irrelevant at this stage of the case, and cannot streamline any issues in this case, reduce the burden of litigation, or assist the Court in resolving any live issues in this case.

Indeed, *Cothron* will only become relevant—if at all—in the event the Court holds that a five year statute of limitations applies and denies the pending motion to dismiss. At best, the accrual issue could potentially provide Graphic with an affirmative defense to the Section 15(b) claim (depending on when Graphic first collected Plaintiff's biometric data), and thus impact the size of the proposed class and their potential damages. But even then, the claim for violation of Section 15(a)'s Destruction Duty would still remain timely because it necessarily accrued *after*

10

Plaintiff' last day at Graphic's facility, which occurred less than five years before the commencement of this action. *See* Compl., ¶¶ 27-28; *see* 740 ILCS 14/15(a) (requiring permanent destruction of biometric information after purpose of collection is no longer valid or within three years of collector's last interaction with subject, whichever comes first). But given that the case is still at the pleadings stage, there's no reason for the Court to stay the case when none of those issue are ripe for review. As such, a stay based on *Cothron* is clearly premature and unwarranted.

**III.   A stay is not warranted simply because some movants managed to meet their burden.**

Finally, Graphic notes that several other courts, including this Court, have stayed other BIPA actions pending the outcome of *Tims, Marion*, *Cothron*, or some combination of the three. *See* Mot., ¶ 6 (collecting cases). Graphic does not, however, provide any insight into the facts of those cases, the arguments raised by the parties, or the basis for each court's holding. *Id.* In sum, Graphic makes no attempt to explain how those decision support *its* attempt to stay this proceeding. *Id.* But while Graphic apparently believes otherwise, the fact that those defendants met their burden in demonstrating the need for a stay doesn't relieve Graphic's obligation to do so.

Indeed, several of Graphic's authorities only further illustrate why a stay in this case is unwarranted. In *Johns v. Paycor, Inc.*, for instance, the plaintiff had ample opportunity to conduct discovery *and* move for class certification prior to the stay, and thus there was no risk of prejudice from spoliation. *Johns v. Paycor, Inc.,* No. 20-cv-00264-DWD, 2021 U.S. Dist. LEXIS 121566, at *5-6 (S.D. Ill. May 11, 2021) (noting plaintiff's failure to explain how the stay would result in prejudice). And, given the pending motion for class certification, this Court emphasized that the case had progressed to the point where *Cothron*'s decision on the accrual issue would impact a live issue in the case—*i.e.* the scope of the proposed class. *Id.* at 5; *see also Hall v. Meridian Senior Living, LLC*, No. 21-cv-55-SMY, 2021 U.S. Dist. LEXIS 120755, at *4 (S.D. Ill. June 29, 2021)

(imposing stay where accrual issue impacted scope of ongoing discovery); *Fleury v. Union Pac. R.R.,* No. 20 C 390, 2021 U.S. Dist. LEXIS 117453, at \*9 (N.D. Ill. June 23, 2021) (same). [3]

In any event, Graphic ignores that state and federal courts frequently deny analogous requests to stay BIPA cases pending the outcome of *Tims*, *Marion*, and/or *Cothron. See, e.g., Brandenberg,* 2021 U.S. Dist. LEXIS 37604, at \*5 (C.D. Ill. Mar. 1, 2021); *Stinson v. LCS Community Employment LLC,* Case No. 1:20-cv-04603, ECF No. 26 (N.D. Ill. Oct. 27, 2020 (Tharp, J); *Gonzalez v. Richelieu Foods, Inc.,* Case No. 1:20-cv-04354, ECF No. 14 (N.D. Ill. Nov. 5, 2020) (Durkin, J.); *Burlinski v. Top Golf USA Inc.,* Case No. 1:19-cv-06700, ECF No. 81 (N.D. Ill. Feb. 4, 2021) (Chang, J.) (denying stay based, in part, on *Tims* and *Marion*).

The takeaway here is that each motion must be decided on its merits, which is why the movant *always* bears the burden of demonstrating the need for the proposed stay.  *Faris,* 2018 U.S. Dist. LEXIS 170212, at \*2. As explained above, Graphic has failed to do so here.  Thus, the mere fact that other movants may have accomplished this task lends no credence to Graphic's Motion, and certainly cannot justify the stay sought here.

## CONCLUSION

For all these reasons, Plaintiff respectfully submits that Graphic has failed to satisfy its burden to demonstrate the need for a stay of proceedings and consequently its Motion to Stay Proceedings should be denied in its entirety.

---

[3]      Several of Graphic's state court authorities either involve uncontested motions or provide no indication as to the Court's reasoning, and therefore add nothing to the debate.

Dated: August 4, 2021                    Respectfully submitted,

                                         **JOSEPH SHERMAN, individually and on behalf of all others similarly situated,**

                                         By:  /s/ Gregg M. Barbakoff
                                              William M. Sweetnam
                                              Gregg M. Barbakoff
                                              KEOGH LAW, LTD.
                                              55 W. Monroe St., Suite 3390
                                              Chicago, Illinois 60603
                                              Tel.: (312) 726-1092
                                              Fax: (312) 726-1093
                                              wsweetnam@keoghlaw.com
                                              gbarbakoff@keoghlaw.com

                                         *Attorney for Plaintiff and the Putative Class*

109101

**Certificate of Service**

I, Gregg M. Barbakoff, an attorney, hereby certify that on **August 4, 2021,** service of a true and correct copy of this document and any referenced exhibits was accomplished pursuant to ECF on all parties who are Filing Users.

/s/ Gregg M. Barbakoff

^

109101