IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOCELYN ROBERTS, Individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>GRAPHIC PACKAGING INTERNATIONAL, LLC, )<br><br>Defendant. ) | Case No. 21-CV-750-DWD |

ORDER STAYING CASE

**DUGAN, District Judge:**

In this putative class action, Plaintiff alleges that Defendant Graphic Packaging International, LLC, violated the Illinois Biometric Information Privacy Act ("BIPA"), 40 ILCS § 14/1, *et. seq.* through its use of hand geometry scans ("handprints") (Doc. 1). Now before the Court is Defendant's Motion to Stay Proceedings (Doc. 10). Defendant seeks a stay of all proceedings in this matter pending decisions from the Seventh Circuit in *In Re: White Castle System, Inc.*, No. 20-8029 (*Cothron v. White Castle Sys., Inc.*, 467 F.Supp.3d 604 (N.D. Ill. 2020), and two pending Illinois Appellate Courts' decisions in *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, and *Marion v. Ring Container Techs., LLC,* No. 3-20-0184. Defendant argues that the issues addressed in these appeals are fundamental to this case and may supply guidance on the accrual of claims under BIPA which could result in dismissal of Plaintiff's claims, or otherwise impact the scope of any putative class in this case (Doc. 10, pp. 1-2).

1

In *White Castle*, the Seventh Circuit has been asked to decide when BIPA claims accrue, and to specifically determine whether a private entity violates BIPA when it first collects or discloses an individual's biometric information or identifiers, or whether a private entity violates BIPA each time it collects or discloses biometric data in violation of Sections 15(b) or 15(d).  *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020).  In *Tims* and *Marion*, the Illinois appellate courts could decide whether BIPA claims are potentially subject to a one-, two-, or five-year statute of limitations period.  *See Johns v. Paycor, Inc.*, 2021 WL 2627974, at *5-6 (S.D. Ill. May 11, 2021); *Roberson v. Maestro Consulting Servs. LLC*, 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021).

Plaintiff opposes the motion to stay, arguing that a stay would greatly prejudice Plaintiff's ability to conduct discovery (Doc. 14).  Plaintiff asserts that he intends to conduct discovery from the third-party manufacturer of Defendant's biometric data and is concerned that a stay would increase the risk of spoliation of evidence because third parties generally have no duty to preserve evidence.  Plaintiff also contends that discovery in general would become more difficult should a stay issue because class members would become more difficult to locate, witness memories could fade, and documents and evidence could be lost.  Finally, Plaintiff argues that the Court is capable of resolving Defendant's statute of limitations arguments without guidance from the Illinois appellate courts, and that none of the issues currently before the Court implicate the accrual date of Plaintiff's claims so the Seventh Circuit's decision in *White Castle* will not assist the Court in this matter.

## Legal Standard

"District Courts have the power to control their own dockets, including the discretion to stay proceedings." *Roberson,* 2021 WL 1017127, at *1 (S.D. Ill. Mar. 17, 2021) (Citing *Munson v. Butler,* 776 F. App'x 339, 342 (7th Cir. 2019) (District courts have "inherent power to exercise [ ] discretion to stay proceedings to avoid unnecessary litigation of the same issues."). The Court is vested with "broad discretion" to decide whether a stay is justified. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When deciding whether to grant a stay, a court should "balance the competing interests of the parties and the interest of the judicial system" by considering the following three factors: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley\*IEOR v. Teradata Operations, Inc.,* 2019 WL 1077124, at *5 (N.D. Ill. Mar. 7, 2019) (citing *In re Groupon Derivative Litig.*, 882 F.Supp.2d 1043, 1045 (N.D. Ill. 2012)).

## Discussion

In his Complaint, Plaintiff alleges that he is a former employee of a janitorial service company staffed by his employer at Defendant's Centralia, Illinois facility (Doc. 1, ¶ 9). Plaintiff alleges that he was required to "clock" in and out of each shift at defendant's facility by "scanning his handprint into Defendant's biometric timekeeping system." (*Id.*). Plaintiff argues that his biometric data was wrongfully obtained, stored, and used in violation of BIPA (Doc. 1, ¶ 13). Plaintiff's work at Defendant's Centralia facility ended in July 2016 (Doc. 1, ¶ 28). Plaintiff filed his Complaint on June 29, 2021

3

(Doc. 1).  Defendant filed a Motion to Dismiss on July 21, 2021 (Doc. 8).  In this motion, Defendant argues that Plaintiff's BIPA claims should be dismissed because they are barred by either a one-year or two-year statute of limitations (Doc. 9).

As noted above, Defendant seeks a stay in this matter pending the outcome of two Illinois appellate court decisions and the Seventh Circuit's decision in *White Castle*. In both *Tims* and *Marion,* the pertinent issue presented is whether BIPA claims are subject to the one-, two- or five-year statutes of limitations. In *White Castle*, the Seventh Circuit has been asked to decide when BIPA claims accrue, and to specifically determine whether a private entity violates BIPA when it first collects or discloses an individual's biometric information or identifiers, or whether a private entity violates BIPA each time it collects or discloses biometric data in violation of Sections 15(b) or 15(d).  *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020).

Plaintiff argues that the date of his claims' accrual is not an issue before this Court, and therefore a decision in *White Castle* would not assist the Court in streamlining or narrowing any issues here (Doc. 14).  In support, Plaintiff states that Defendant is only seeking to dismiss his claims based on a one- or two-year statute of limitations period (Doc. 9) but has otherwise waived any arguments concerning the timeliness of Plaintiff's claims under a five-year statute of limitations (Doc. 9).  Thus, Plaintiff argues that because Plaintiff's last day at Defendant's facility was less than five years before the commencement of this action (Doc. 1, ¶¶ 27-28), then presumably his BIPA claims are timely under a five-year statute of limitations without further consideration of the appropriate accrual date for his claims.

4

However, the Court is not persuaded that a determination of the accrual date for claims under BIPA by the Seventh Circuit is irrelevant here. While Plaintiff is correct that a determination on whether a one-, two-, or five-year limitations period will guide the parties here, the Court finds that the accrual date is also relevant. Specifically, should the Seventh Circuit determine in *White Castle* that BIPA claims only accrue once – and on the date of the first alleged BIPA violation, opposed to the final alleged violation – this could play a significant part in determining the rights of the parties and guide the litigation here. Plaintiff also concedes that *White Castle* may impact the size of the proposed class and their potential damages (Doc. 14, p. 10), which is a worthwhile consideration in favor of a stay here.

Similarly, the Court finds that the decisions in *Tims* and *Marion* may also advance judicial economy because both cases will address the currently unsettled question of which statute of limitations period applies to BIPA claims. As the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims, a decision from the Illinois appellate courts may be binding here. *See Hall v. Meridian Senior Living, LLC*, 2021 WL 2661521, at *2 (S.D. Ill. June 29, 2021); *Roberson v. Maestro Consulting Servs. LLC*, 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021); *Varnado v. W. Liberty Goods*, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021). Accordingly, it appears that that issue, once decided, may serve to control the statute of limitations applicable here. Therefore, the Court finds that a stay pending the outcome of *White Castle*, *Tims* and *Marion* would simplify the issues and reduce the burden of litigation here.

However, the Court must also examine Plaintiff's arguments of prejudice. This matter is in its early stages, and as such, Plaintiff argues he will suffer significant prejudice should he be unable to commence discovery while a stay is in place. Specifically, Plaintiff contends that he would be prohibited from seeking discovery from Defendant's manufacturer and be unable to locate prospective class members because of this delay. Plaintiff relies on unsubstantiated allegations to argue that Defendant's manufacturer might lose information or employees, or file for bankruptcy (Doc. 14, p. 4).

The Court finds that any prejudice to Plaintiff is not undue and that a stay is appropriate. In so finding, the Court notes that this stay will be of limited duration. The *Tims* and *Marion* cases are fully briefed, and *White Castle* is set for oral argument on September 14, 2021. *See Fleury v. Union Pac. R.R. Co.*, 2021 WL 2588752, at *3 (N.D. Ill. June 23, 2021); *Cothron v. White Castle*, Case No. 20-3202, Dkt. 58 (7th Cir. June 21, 2021). Further, Plaintiff's claims of discovery delays and his ability to locate prospective class members because of this delay, while possible, is speculative at best. In short, weighing all the relevant facts, the Court joins with the well-reasoned decisions by other district courts in this Circuit[1], and finds that a stay is appropriate. Should circumstance change significantly such that a recognizable prejudice befalls Plaintiff during the stay of this matter, the Plaintiffs are free to seek this Court's consideration. However, it remains

---

[1] Several district courts, including this district court, have stayed proceedings pending decisions in *Tims, Marion* and *Cothron. See Hall v. Meridian Senior Living, LLC,* 2021 WL 2661521, at *2 (S.D. Ill. June 29, 2021); *Fleury v. Union Pac. R.R. Co.*, 2021 WL 2588752, at *3 (N.D. Ill. June 23, 2021); *Johns v. Paycor, Inc.*, 2021 WL 2627974, at *2 (S.D. Ill. May 11, 2021); *Roberson v. Maestro Consulting Servs. LLC,* 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021); *Varnado v. W. Liberty Goods*, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021).

under the present circumstances that notions of judicial economy weigh in favor of a stay of this matter.

## Conclusion

Defendant's Motion to Stay (Doc. 10) is **GRANTED**. All proceedings and deadlines in this matter are **STAYED** pending the resolution of *Cothron v. White Castle System, Inc.* No. 20-3202, *Tims v Black Horse Carriers*, Case No. 1-20-0562, *Marion v. Ring Container Techs, LLC,* No. 3-20-0184. The parties are **ORDERED** to file a status report within 14 days of each decision. Defendant's Motion to Dismiss (Doc. 8) is **DENIED without prejudice**, and with leave to refile once this stay is lifted.

**SO ORDERED.**

Dated: August 17, 2021

_____
DAVID W. DUGAN
United States District Judge